722

BUCHANAN *v.* HURDLE, et al.

Division B. Nov. 6, 1950.

No. 37585 (48 So. (2d) 354)

Smith & Hurdle, and **Fant & Bush**, for appellant.

Robert B. Smith, and Fred B. Smith, for appellees.

**Roberds, P. J.**

Appellant and appellees own a quarter section of land, the eighty acres of appellant lying immediately north of the eighty acres of appellees.

Appellant filed her bill in this cause alleging that appellees had diverted water from a natural water course and had thereby flooded and damaged her land. She prayed for an injunction and money damage.

Appellees denied the allegations of fact and the claim for liability set out in the bill, and, by cross-bill, asserted Mrs. Buchanan herself had obstructed a natural water course and diverted the water therefrom over and across the land of cross-complainants, and they prayed, for personal decree for damages resulting from such action. The chancellor dismissed the original and the cross-bills. Mrs. Buchanan appeals. The Hurdles did not appeal. Therefore, only the rights of Mrs. Buchanan and the liability of the Hurdles to her are before us.

The chancellor, after hearing and considering some four hundred and twenty-five pages of testimony purporting to establish the alleged wrongful acts of appellees, and which testimony included many photographs of the terrain and the drains and so-called obstructions, found that the Hurdles had not changed, or diverted water from natural water courses and had not, by such acts, flooded the land of appellant. Existence of such facts was necessary to impose liability upon appellees. ██ She bore the burden of establishing them and we cannot disturb the findings of the chancellor unless they are clearly and manifestly wrong. We cannot say he did not have ample testimony to support his findings. Indeed, we think them amply supported by the evidence.

Complaint is directed to the refusal of the chancellor to admit in evidence aerial photographs of the surrounding terrain. That action, in our opinion, was not error—██ certainly not reversible error—for the reasons, first, the accuracy and correctness of the photographs were not properly and sufficiently shown, and, second, because the record contains many pictures and much oral testimony descriptive of ditches and watercourses and alleged obstructions, the contour and physical surface condition of the land, the evidence of damage thereto, and whether in cultivation or susceptible of being cultivated. By such oral evidence and the photographs, so admitted into evidence, the chancellor had, and we have, a clear over-all picture of the drains, water courses, the soil, and the physical surface appearance of the territory involved in the litigation. The aerial pictures would have thrown little, if any, light upon the essential facts, in addition to that disclosed by the other evidence—certainly not enough to work a reversal and re-trial of this cause.

We find no reversible error and the cause is therefore affirmed.

Affirmed.